Insurance Commissioner
**ACCEPTED SOP**
**JUN 18 2019**
TIME:_____

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| DR. ALIANA ROSA and DAVID CLARK,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., a Foreign Corporation and WASHINGTON WATER RESTORATION INC., d/b/a WASHINGTON WATER DAMAGE & CLEANING SERVICES, a Washington Corporation,<br><br>　　　　　　　　　　Defendants. | No.<br><br>COMPLAINT |

For cause of action against defendants, plaintiffs allege as follows:

## I. PARTIES

1.1.　Dr. Aliana Rosa and David Clark are a couple residing in King County, Washington.

1.2.　Defendant American Family Mutual Insurance Company, S.I., ("American Family") is a foreign insurer doing business in the State of Washington.

1.3.　Defendant Washington Water Restoration Inc. d/b/a Washington Water Damage & Cleaning Services ("Washington Water") is a Washington corporation doing business in King County, Washington.

COMPLAINT - 1



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

## II. JURISDICITON AND VENUE

2.1. This Court has subject matter jurisdiction under Wash. const. art. IV § 6 and RCW 2.08.010.

2.2. Venue is proper under RCW 4.12.025 and under RCW 48.05.220, which provides: "Suit upon cause of action arising within this state against an insurer upon an insurance contract shall be brought in the county where the cause of action arose."

2.3. All conditions precedent to commencing this action have been performed.

## III. FACTS

3.1. Plaintiffs' home is located at 4314 268th Ave. NE, in Redmond, Washington. The home is insured by defendant American Family. Both Dr. Rosa and Mr. Clark are named insureds under the policy.

3.2. Plaintiffs' policy provides, among other coverages, benefits for alternative living expenses (ALE) or loss of use, should a covered loss render their home unlivable. ALE benefits are available until the home is repaired or until plaintiffs permanently relocate, whichever is shorter.

3.3. Sometime between September 7 and 19, 2018, plaintiffs suffered a covered water loss believed to be caused by a sudden leak in their dishwasher on the first floor of their two-story home.

3.4. Plaintiffs promptly notified American Family about the loss.

3.5. Plaintiffs are first party claimants under their policy.

3.6. The water loss infiltrated the floors, subfloors, passed under interstitial walls, and impacted the exterior wall near the kitchen.



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

3.7. Mold was visible in the home and later verified through testing by an industrial hygienist.

3.8. The home was unlivable as a result of the loss.

3.9. To fully and fairly investigate the loss, the services of an industrial hygienists were required. American Family failed to obtain these services, however, and failed to inform plaintiffs of their right to have the assistance of an industrial hygienist.

3.10. Washington Water was a vendor approved by American Family and hired to perform water mitigation at the plaintiffs' home. Washington Water began work on or about October 10, 2018. During the water mitigation, Washington Water did not set up any containment barriers even though it knew or should have known that the home contained mold and that the ventilation system continued to run.

3.11. Washington Water placed unsealed boxes containing plaintiffs' personal property in the garage and under an outdoor cabana, subjecting the property to moist conditions.

3.12. Washington Water performed no mitigation or mold remediation work on the second floor of the home.

3.13. American Family failed to explain or provide ALE benefits to plaintiffs even though plaintiffs' home was not suitable for habitation.

3.14. Instead, American Family, through its adjuster Margaret Stone, took the position that plaintiffs could continue to live in the upstairs of their home because the second-floor bathroom had hot water.

3.15. Plaintiffs are not experts in insurance. They reasonably believed what American Family told them and remained in their home. But adverse health symptoms were experienced almost immediately. Plaintiffs moved out of the home on or about October 18, 2018.

COMPLAINT - 3

PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

3.16. American Family's failure to explain and provide ALE benefits initially required plaintiffs to pay out of pocket for housing and other alternative living expenses. American family began to pay ALE benefits approximately a week after plaintiffs moved out of their home.

3.17. On October 22, 2018, Uniplex—a contractor that was working with plaintiffs—brought in an industrial hygienist, Susan Evans of ESI, to perform the industrial hygiene investigation. Uniplex, as contractor, fronted the cost of Ms. Evans's investigation.

3.18. Among other things, Ms. Evans tested the home for mold. She also confirmed that Washington Water had not properly dried out the home.

3.19. Because the home still contained mold, additional mold remediation was required. Uniplex's subcontractor, Bales Restoration, performed a second water mitigation and mold remediation.

3.20. American Family has not paid for all mitigation and remediation costs.

3.21. American Family refuses to pay what it will cost to repair the home to its pre-loss condition.

3.22. Because of non-payment, contractors have placed liens on the home.

3.23. American Family consistently threatened to terminate plaintiffs' ALE benefits before providing an extension at the last minute.

3.24. American Family never approved ALE for a long enough period while plaintiffs resided in the hotel, ensuring that a significantly higher room rate (approximately $150 more per night) applied. This caused plaintiffs' ALE policy limits to rapidly deplete. The consistent threats that ALE benefits would terminate, and the lack of approval for a long-term stay, also resulted in plaintiffs having to move rooms within the hotel approximately four times.

COMPLAINT - 4

PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

3.25. On Christmas Day 2018, while the home remained unlivable, plaintiffs learned that American Family intended to terminate their ALE benefits.

3.26. Plaintiffs' contents are still in storage, and the home remains unlivable.

3.27. Despite the policy language, American Family's delays, and the fact that repairs have yet to begin, American Family has now taken the position that the policy does not provide ALE coverage past the one-year anniversary of the loss date.

### IV. WASHINGTON ADMINISTRATIVE CODE REGULATIONS

4.1. WAC 284-30-330(1) prohibits insurance companies from misrepresenting facts or insurance policy provisions.

4.2. WAC 284-30-330(2) prohibits insurance companies from failing to acknowledge and act reasonably and promptly upon communications with respect to claims arising under insurance policies.

4.3. WAC 284-30-330(3) prohibits insurance companies from failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

4.4. WAC 284-30-330(4) prohibits insurance companies from refusing to pay claims without conducting a reasonable investigation.

4.5. WAC 284-30-330(6) prohibits insurance companies from not attempting in good faith to effectuate prompt, fair, and reasonable settlements of claims in which liability has become reasonably clear.

4.6. WAC 284-30-330(7) prohibits an insurance company from compelling its policyholder to litigate to obtain policy benefits.

COMPLAINT - 5



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

4.7. WAC 284-30-330(11) prohibits insurance companies from delaying the investigation or payment of claims by requiring an insured, claimant, or physician to either submit a preliminary report and then requiring subsequent submissions which contain substantially the same information.

4.8. WAC 284-30-330(13) prohibits insurance companies from failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of the claims or for the offer of a compromise settlement.

4.9. WAC 284-30-350 requires the insurer to disclose all policy benefits

4.10. WAC 284-30-360 requires that every insurer to promptly communicate with its insureds and to provide reasonable assistance so the first party claimants can comply with policy conditions and the insurer's reasonable requirements.

4.11. WAC 284-30-370 requires that every insurer shall complete its investigation into a claim within 30 days of the notice of the claim.

4.12. WAC 284-30-380 requires every insurer to accurately value a loss.

4.13. Defendants and their agents have violated both the letter and the spirit of the WAC regulations set forth above.

4.14. All conditions precedent to filing suit have occurred.

## V. CLAIMS AGAINST AMERICAN FAMILY

**5.1. Breach of Contract**

5.1.1. American Family's conduct constitutes breach of the insurance contract.

5.1.2. Plaintiffs have suffered damage as a result.

5.1.3. Plaintiffs bring claims for all benefits owed and for all losses that occurred.

COMPLAINT - 6

PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

5.1.4. Plaintiffs are entitled to recover attorney fees under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991).

**5.2.   Declaratory Judgment**

5.2.1. Plaintiffs are entitled to a declaratory judgment that plaintiffs are entitled to all applicable coverages and benefits under the policy.

5.2.2. Plaintiffs are entitled to recover attorney fees under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991).

**5.3.   Insurance Bad Faith**

5.3.1. American Family's conduct constitutes insurance bad faith.

5.3.2. Plaintiffs have suffered damage as a result.

5.3.3. Plaintiffs bring claims for all benefits owed and for all losses that occurred.

**5.4.   Insurance Fair Conduct Act**

5.4.1. Plaintiff has provided American Family with written notice of violation under the Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015. Twenty days have passed from the date of the demand, and there has been no resolution by American Family of their claims.

5.4.2. Plaintiffs are first party claimants under a policy of insurance issued by American Family.

5.4.3. American Family unreasonably denied coverage or payment of benefits.

5.4.4. Plaintiffs have suffered actual damages as a result.

5.4.5. Plaintiffs are entitled to punitive damages and attorney fees under IFCA.

COMPLAINT - 7



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

**5.5. Violation of Consumer Protection Act**

5.5.1. The conduct of American Family violates RCW 19.86, the Washington Consumer Protection Act ("CPA").

5.5.2. American Family is liable for *per se* violations of the act as a result of this violation of the Washington Administrative Code. *Kallevig v. Industrial Indemnity*, 114 Wn.2d 907, 792 P.2d 520 (1990). Furthermore, a violation of the CPA occurs whenever an insurer commits any unfair or deceptive act.

5.5.3. American Family committed unfair or deceptive acts or practices occurring in trade or commerce, affecting the public interest, causing injury to plaintiffs' business or property.

5.5.4. American Family is liable for damages, attorney fees, and punitive damages under the CPA.

**5.6. Negligence**

5.6.1. American Family negligently handled plaintiffs' insurance claim.

5.6.2. Plaintiffs suffered damage as a result.

**5.7. Misrepresentation.**

5.7.1. American Family made false statements as to plaintiffs' policy terms and benefits.

5.7.2. American Family negligently and/or intentionally induced plaintiffs to rely on the statements to plaintiffs' detriment. Plaintiffs did so rely.

5.7.3. Plaintiffs suffered damage as a result.



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

## VI. CLAIMS AGAINST WASHINGTON WATER

6.1. Washington Water failed to conduct its work with reasonable care.

6.2. Washington Water negligently damaged the plaintiffs' house and other property.

6.3. Washington Water failed to properly dry out the water damage, leading to mold growth in the plaintiffs' home.

6.4. The conduct of Washington Water constitutes breach of contract.

6.5. The conduct of Washington Water constitutes violation of the Consumer Protection Act, RCW 19.86, *et seq.*

6.6. The conduct of defendant Washington Water constitutes negligence.

6.7. As the proximate result of the acts and/or omissions of defendant Washington Water, plaintiffs suffered damages.

## VII. CLAIMS AGAINST ALL DEFENDANTS

7.1. The plaintiffs assert a claim for injunctive relief under the Consumer Protection Act against all defendants.

7.2. The Court should order ancillary relief in the form of an injunction, including disgorgement to customers of all payments by all customers in Washington who have been the victim of American Family's and Washington Water's unfair and deceptive practices.

7.3. The Court should further order that American Family may not terminate ALE coverage during the pendency of this case; should enjoin American Family from further acts that violate the Washington Administrative Code, the insurance code, or the Consumer Protection Act; and should require American Family enact procedures by which the insurance company lives up to its legal obligations to its insureds.

COMPLAINT - 9



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

## VIII. PRAYER FOR RELIEF

Plaintiffs pray for relief against the defendants as follows:

A. For an award of damages compensating plaintiffs for their damages in an amount to proven at trial.

B. For exemplary damages, including punitive and enhanced damages under chapter 19.86 RCW and RCW 48.30.015.

C. For prejudgment interest on all liquidated amounts.

D. For plaintiff's attorney fees and costs of suit, including attorney's fees under chapter 19.86 RCW and RCW 48.30.015, *Olympic Steamship v. Continental Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 904 P.2d 731 (1995), and for defendants' bad faith.

E. For such other and further relief as the Court shall deem just and equitable.

DATED this 10th day of June, 2019.

PLAINTIFF LITIGATION GROUP PLLC

By _____
Isaac Ruiz, WSBA #35237
Kathryn Knudsen, WSBA #41075
Attorneys for Plaintiffs



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702