UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DR. ALIANA ROSA and DAVID CLARK, | CASE NO. C19-1988 RSM |
| Plaintiffs, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., et al., | |
| Defendants. | |

## I.  INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Remand. Dkt. #7. Defendant American Family Mutual Insurance Company, S.I. ("Defendant") removed this action from state court after its non-diverse co-defendant Washington Water Restoration Inc. ("Washington Water") was granted an order compelling Plaintiffs to binding arbitration. Defendant maintains that this Court may now snatch the action from the state court while Plaintiffs seek remand to state court. Finding that Defendant's position turns removal jurisdiction on its head, the Court remands this action to state court and awards fees.

## II.  BACKGROUND

The relevant background is briefly summarized from Plaintiffs Dr. Aliana Rosa and David Clark's state court complaint. *See generally*, Dkt. #1-2 at ¶¶ 3.1–3.27. Plaintiffs own a

ORDER – 1

home insured by Defendant. In September 2018, the home sustained significant first floor water damage and Plaintiffs provided notice of the damage to Defendant. The water damage led to mold. Washington Water was retained "to perform water mitigation," but failed to adequately address the water damage, or the mold, and instead damaged other of Plaintiffs' property. For its part, Defendant did not engage an industrial hygienist to address the mold and did not inform Plaintiffs that they had a right to have an industrial hygienist involved under their policy.

Despite Plaintiffs having alternative living expense ("ALE") benefits under their insurance policy, Defendant maintained that they should remain in the home and simply live on the second floor. This rapidly led to health problems and Plaintiffs were forced to vacate the house in October 2018. Still, Defendant refused to provide ALE benefits, forcing Plaintiffs to initially bear upfront housing costs. Even after Defendant began providing ALE benefits, it did so for limited periods and often threatened to terminate the benefits.

At the same time, Plaintiffs were forced to retain another contractor to remediate their home. The new contractor utilized the services of an industrial hygienist who confirmed the presence of mold and the failure of Washington Water to adequately address the water damage. Plaintiffs were then forced to hire a second remediation contractor to properly address the water and mold damage. Defendant refused to bear these costs, resulting in liens against Plaintiffs' property.

Defendant also poorly mismanaged Plaintiffs' ALE benefits, causing them to move frequently and deplete their available benefits more rapidly. On December 25, 2018, Plaintiffs learned that Defendant would terminate their ALE benefits. Nevertheless, Plaintiffs' home remained unavailable as Defendant continued to delay necessary repairs.

In June 2019, Plaintiffs initiated this action in state court against both Defendant and Washington Water. Plaintiffs asserted numerous claims against both defendants. Plaintiffs

ORDER – 2

asserted contractual and extracontractual claims against Defendant. Plaintiffs asserted contract, negligence, and consumer protection claims against Washington Water. *Id.* at ¶¶ 5.1–7.3. Because Washington Water's services were provided under an agreement containing a mandatory arbitration clause, Washington Water sought to compel arbitration. On December 4, 2019, the state court granted the request, compelled arbitration between Plaintiffs and Washington Water, stayed all claims against Washington Water, and allowed all actions against Defendant to continue. Dkt. #1-9. Days later, Defendant removed the action to this Court on the basis that Washington Water could be severed from this action to create diversity jurisdiction.

### III. DISCUSSION

**A. Defendant Provides No Valid Basis for Removal**

Removal is a statutory right, and "[a] suit commenced in State court must remain there until cause is shown under some act of Congress for its transfer." *Little York Gold Washing & Water Co. v. Keyes*, 96 U.S. 199, 201 (1877). Congress has specifically provided that when a case falling within the original jurisdiction of the United States district courts is filed in state court, the defendant may remove the action from state court to the appropriate district court. 28 U.S.C. § 1441(a). Typically, it is presumed "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–90 (1938)).

The Court "start[s] with the core principle of federal removal jurisdiction on the basis of diversity—namely, that it is determined (and must exist) as of the time the complaint is filed and

ORDER – 3

removal is effected." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted). Defendant does not seriously attempt to satisfy diversity jurisdiction at either time.

At the time this action was filed in state court, Plaintiffs and Washington Water were both citizens of Washington, destroying the possibility of diversity jurisdiction before this Court. Dkt. #1-2; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires complete diversity). Accordingly, the matter was unfit for removal at the time it was filed. 28 U.S.C. § 1441(a) ("any civil action brought in a State court *of which the district courts of the United States have original jurisdiction*, may be removed") (emphasis added).

Of course, a plaintiff should not be able to destroy diversity by merely naming a non-diverse defendant, so "district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."[1] *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted). A party is fraudulently joined in state court if the party "cannot be liable under any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). But this is a heavy burden. The court makes only a summary inquiry and the defendant therefore must "identify the presence of discrete and undisputed facts" precluding recovery. *See Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015). Defendant makes no attempt to carry this heavy burden.[2]

---

[1] Similarly, "[o]nce jurisdiction attaches, a party cannot thereafter, by its own change of citizenship, destroy diversity." *Strotek.*, 300 F.3d at 1132 (citing *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 391 (1998)).

[2] Defendant, in fact, does not establish any basis on which to question the viability of Plaintiffs' claims against Washington Water. At best, Defendant asserts that Plaintiffs' claims were always subject to the mandatory arbitration clause between Plaintiffs and Washington Water and accordingly *could* have proceeded outside of the courts. Dkt. #10 at 4–5. Defendant cannot, however, establish that Plaintiffs' claims were *required* to proceed outside the courts. *Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1074 (9th Cir. 2013) (contractual right to arbitration may be waived).

ORDER – 4

Defendant argues only that Washington Water is *now* "dispensable"[3] because Plaintiffs have been compelled to arbitrate their claims against Washington Water. Dkt. #1 at ¶¶ 14, 20, 26; Dkt. #10 at 1.

Defendant also cannot argue that the action was within the Court's diversity jurisdiction at the time it was removed from state court. Even after the state court compelled arbitration, Washington Water remained a party to the proceeding. Dkt. #7 at 5 (Plaintiffs noting that the state court "did not dismiss or sever [P]laintiffs' claims against Washington Water"). Plaintiffs also establish that this is legally the case:

> "An order staying the proceedings pending the arbitration is a temporary suspension of the proceedings in court . . . . During the stay, the superior court still retains jurisdiction over the case." *Everett Shipyard, Inc. v. Puget Sound Envtl. Corp.*, 155 W[ash]. App. 761, 769, 231 P.3d 200 (2010) (citations omitted, emphasis added); *see also* RCW 7.04A.260. ("An agreement to arbitrate providing for arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award under this chapter.").

*Id.* at 7. And Defendant inherently recognizes that this is the case, asking that the Court sever the claims and dismiss Washington Water.[4] Dkt. #1 at ¶ 26. Removal of this action was not appropriate.

Ignoring the existing precedent establishing that this matter was not removable, Defendant attempts to conjure a new legal doctrine that will permit this Court to re-shape a state court action so that it is properly removed to this Court. Defendant maintains that the Court can apply Federal Rules of Civil Procedure 19 and 21 to the state court action, dismiss a non-diverse

---

[3] As Plaintiffs note, when Defendant was before the state court it took the contrary position that "the claims and facts [of Plaintiffs' claims against Washington Water and Defendant] are so intertwined that they are not severable." Dkt. #8-1 at 29.

[4] Defendant's choice not to seek severance in state court and then remove the action to this Court is puzzling. Rather, Defendant placed this Court in the awkward position of affirmatively severing a party from an action to perfect its own jurisdiction over that very action.

ORDER – 5

party as "not indispensable," and create diversity jurisdiction where none exists. But Defendant fails to adequately support this novel theory and it is, in fact, precluded by existing law and common sense.

Federal Rule of Civil Procedure 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. This provision assuredly provides district courts with additional flexibility to address manipulations of diversity jurisdiction. But, as Defendant itself recognizes, "Rule 21 'looks to the preservation . . . of federal jurisdiction.'" Dkt. #10 at 5 (quoting *Pacific Gas & Electric Co. v. Fibreboard Products, Inc.*, 116 F. Supp. 377, 383 (N.D. Cal. 1953)) (omission, the Court's). Defendant points to no authority showing that Rule 21 can be applied to a case the Court otherwise lacks original jurisdiction over in order to create federal diversity jurisdiction.

The distinction may at first appear harmless. But decisions under Rule 21 are entrusted to the discretion of the district courts. *Mendoza v. Nordstrom, Inc.*, 865 F.3d 1261, 1266 (9th Cir. 2017) (citing FED. R. CIV. P. 21 (noting that "the court may at any time, on just terms, add or drop a party"); *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) ("We review the district court's decision to sever and dismiss the co-defendants under Rule 21 for abuse of discretion.")). Why would a party attempt to satisfy the heavy burden of establishing that a non-diverse party was fraudulently joined when it could merely ask the Court to exercise its discretion, dismiss the party, and open the federal forum? Defendant's position would eviscerate the essential control over the complaint that is afforded to plaintiffs.

The plaintiff has always been the master of the complaint and is afforded the first opportunity to select a state or federal forum. More than a century ago, the Supreme Court reviewed its removal jurisprudence and concluded that

ORDER – 6

> [t]he obvious principle of these decisions is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, arising under a law of the United States, when it is commenced, and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case nonremovable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, in invitum, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.

*Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 282 (1918). That principle carries through today, as Plaintiffs note. Dkt. #7 at 9. Where a plaintiff voluntarily brings about a change impacting diversity, removal may be appropriate. *See Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978). But involuntary changes impacting diversity do not give rise to removal. *Id.* ("It has been suggested that the rule promotes judicial efficiency by 'prevent(ing) removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts.") (quoting *Weems v. Louis Dreyfus Corp.*, 380 F.2s 545, 546 (5th Cir. 1967)) Defendant is not reasonable in requesting that the Court disregard long settled and contrary law in favor of Defendant's novel legal theory.[5]

---

[5] The Court briefly notes several additional problems with Defendant's position. First, Washington Water did not join Defendant's notice of removal. *See Chicago, Rock Island, & Pacific Railway Company v. Martin*, 178 U.S. 245 (1900) (removal generally requires unanimity among all defendants). "Where fewer than all []defendants have joined in [seeking removal], the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) partially abrogated by statute on other grounds, *Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006). Defendant does not do so here.

Second, the Court agrees that Defendant's request would appear untimely. *See* 28 U.S.C. § 1446(b)(3) (if a case is not initially removable, it may only be removed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"). To the extent Defendant asserts Plaintiffs' claims were always subject to mandatory arbitration, Defendant should have sought to remove on the proper basis of fraudulent joinder within thirty days of receiving the state court complaint. At the latest, and as Plaintiffs

ORDER – 7

**B. Attorneys' Fees**

An order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred because of the removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court finds that an award of costs and expenses, including attorneys' fees, is appropriate here. The Court has found no tangible support for Defendant's position. Four times this Court has rejected similar arguments. *Mort v. Allstate Indem. Co.*, No. C18-568RSL, 2018 WL 4303660 (W.D. Wash. Sept. 10, 2018); *Kolova v. Allstate Ins. Co.*, No. C18-1066JCC, 2018 WL 5619052 (W.D. Wash. Oct. 30, 2018); *Cherkin v. GEICO Gen. Ins. Co.*, No. C18-839RAJ, 2019 WL 4688743 (W.D. Wash. Sept. 26, 2019), *vacated*, No. C18-839RAJ, 2019 WL 6828634 (W.D. Wash. Oct. 7, 2019); *Cicero v. Am. Family Mut. Ins. Co.*, No. C19-1457JCC, 2019 WL 6716787 (W.D. Wash. Dec. 10, 2019). In each case, the Court noted that the defendants' positions lacked authority and appeared to be a misapplication of Rules 19 and 21 and remanded the action to state court. In each, the Court forewent awarding costs and expenses to the plaintiffs.

The Court will not do so here. At some length, the Court has explained why Defendant's theory not only lacks support but is, in fact, contrary to long settled law. Despite the argument's repeated failure in front of this Court, Defendant raises it again with no mention of the Court's prior rulings. A review of the earlier orders of this Court have revealed only one case which

---

note, Defendant's clock for removal ran from August 29, 2019, when Washington Water answered the state court action and demanded arbitration. Dkt. #8-1 at 2–14; *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) ("When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking.").

ORDER – 8

arguably supports Defendant's position. *Mayfield v. London Women's Care, PLLC*, No. CIV.A. 15-19-DLB, 2015 WL 3440492 (E.D. Ky. May 28, 2015). Regardless of the non-binding nature of that decision, Defendant does not even cite to it. Instead, Defendant points to only one case, *Linnin v. Michielsens*, 372 F. Supp. 2d 811 (E.D. Va. 2005), where the Court concluded that Rules 19 and 21 further supported its prior finding that a non-diverse party had been fraudulently joined and that remand was therefore not appropriate. The Court does not find Defendant's position to be objectively reasonable.

### IV. CONCLUSION

Having considered Plaintiffs' motion, the relevant briefing and evidence, and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiffs' Motion for Remand (Dkt. #7) is GRANTED.
2. Plaintiffs are entitled to fees and costs under 28 U.S.C. § 1447(c). **No later than fourteen (14) days from the date of this Order**, Plaintiffs may file a Supplemental Motion for Attorneys' Fees, noted pursuant to LCR 7(d), and limited to six (6) pages and supported by documentary evidence reflecting the amount of fees and costs sought. Defendant may file a Response addressing only the reasonableness of the fees and costs requested and is also limited to six (6) pages. No Reply is permitted.
3. This case is hereby REMANDED to the Superior Court of Washington State in and for the County of King.
4. This matter is now CLOSED.

Dated this 4 day of March, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE